

| JAMES E. JOHNSON<br>*Corporation Counsel* | THE CITY OF NEW YORK<br>LAW DEPARTMENT<br>100 CHURCH STREET<br>NEW YORK, NEW YORK 10007 | MARTIN BOWE<br>*Senior Counsel*<br>TEL: 212-356-0894<br>CEL:646-498-7178 |
|---|---|---|

October 13, 2020

**BY ECF**
Honorable Paul G. Gardephe
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

          Re:  *R.F. obo K.F. v. N.Y.C. Dep't of Educ.,* 20-cv-4110(PGG)(OTW)

Dear Judge Gardephe:

      I am an Assistant Corporation Counsel in the office of James E. Johnson, Corporation Counsel, and the supervising attorney assigned to represent defendant New York City Department of Education in the above-referenced matter, wherein Plaintiff seeks attorneys' fees, costs, an expenses for legal work on an administrative hearing under the Individuals with Disabilities Education Act, 20 U.S.C. §1400, *et seq.* (IDEA), as well as for this action.

      I write, first, to apologize for the parties' failure to timely submit a joint letter in accord with the Court's Order at Dkt. No. 8.  While I cannot speak for Plaintiff, Defendant's failure to confer with Plaintiff in order to timely comply arose due to extreme administrative difficulties resulting from the loss of six full time attorneys who handled solely IDEA fess actions.  This loss was mandated six months ago due to the fiscal impact of COVID-19 on the City.  I will make every effort to ensure compliance with all future deadlines, and apologize for the inconvenience caused by the parties' failure to comply.

      Next, Defendant respectfully requests an adjournment of the conference scheduled for October 15, *sine die*.  Plaintiff does not consent to this request.  Defendant is confident that we will be able to make a first settlement offer within ten days' time.  And we note that my office has fully resolved dozens of these IDEA fees-only actions with plaintiffs represented by the Dayan Firm over the past several years, without a single case entailing any discovery or motion practice.  Thus, the reason for this request is so that the parties may engage in settlement negotiations over the next four weeks, and submit a status letter no later than November 10, 2020 informing the Court either that the matter has been fully resolved, or, that the parties either seek the assistance of Magistrate Judge Wang together with a briefing schedule.

In seeking consent, I asked Plaintiff to provide a basis for his position that a conference with Your Honor is needed, but Plaintiff merely articulated the length of time this case has been pending. Typically, in these IDEA fees-only cases, the parties are able to resolve the action fully without needing to burden the Court with a conference.[1] And, typically, that process takes three to four months. It is unclear why Plaintiff believes a conference with the Court is needed at this time.

Accordingly, Defendant respectfully requests that the conference scheduled for October 15 be adjourned *sine die*, and that the parties submit a status report no later than November 10, 2020.

Thank you for considering these requests.

Respectfully submitted,

/s/
_____
Martin Bowe
Senior Counsel

cc:   Adam Dayan, Esq. (via ECF)


MEMO ENDORSED

The conference scheduled for October 15, 2020 is adjourned to November 19, 2020 at 10:00 am. No later than November 11, 2020, the parties are directed to submit a joint status letter and case management plan.

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge
October 14, 2020

---

[1] In Defendant's letter motion at Dkt. No. 14, seeking an extension of the time to respond to the complaint to October 22, defendant inadvertently failed to also seek an adjournment of the conference set for October 15. I apologize for this oversight and note that Defendant typically seeks corollary adjournments—on consent—of all conferences with the presiding Article III Judges in IDEA fees-only cases.